[J-120-2016] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| JEAN LOUISE VILLANI, INDIVIDUALLY AND IN HER CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GUERINO VILLANI, DECEASED | : No. 66 MAP 2016 |
| | : |
| | : Appeal from the Order of the Chester |
| | : County Court of Common Pleas, Civil |
| | : Division, dated October 5, 2015 |
| | : Amending the August 27, 2015 order at |
| v. | : No. 2012-09795. |
| | : |
| | : |
| JOHN SEIBERT, JR. AND MARY SEIBERT | : |
| | : |
| -------------------------------------------- | : |
| FREDERICK JOHN SEIBERT, JR. AND MARY SEIBERT | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| JEAN LOUISE VILLANI AND THOMAS D. SCHNEIDER, ESQUIRE | : |
| | : |
| | : |
| APPEAL OF: FREDERICK JOHN SEIBERT, JR. AND MARY SEIBERT | : ARGUED: December 6, 2016 |

**CONCURRING OPINION**

**JUSTICE BAER**                          **DECIDED: April 26, 2017**

I agree with the majority that Appellee has failed to establish that the Dragonetti Act clearly and palpably violates this Court's Article V, Section 10(c) authority to regulate the practice of law. I write separately, however, to distance myself from the majority's apprehension over the exclusivity of our constitutional power in this regard. *See* Majority Opinion at 21 (stating that we should consider with "great circumspection"

the notion that the powers accorded to this Court under Article V, Section 10(c) are exclusive). Consistent with Justice Donohue's dissenting opinion, I find that our Article V, Section 10(c) authority is exclusive. *See* Dissenting Opinion, Donohue, J., at 2-3 (citing well-established case law and a rule of disciplinary enforcement recognizing the exclusive nature of this Court's Article V, Section 10(c) authority).[1]

That is not to say, however, that our Article V, Section 10(c) power is unlimited as the plain language of the constitutional provision denies this Court the authority to prescribe rules modifying the substantive rights of a litigant. *See* PA. CONST., art. V, § 10(c) (affording this Court "the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . and for admission to the bar and to practice law . . . if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant . . . ."). Pursuant to this constitutional mandate, we have held that the threshold inquiry in determining whether a particular statute violates Article V, Section 10(c), is whether the challenged legislation is procedural or substantive in nature. *Commonwealth v. Payne*, 871 A.2d 795, 801 (Pa. 2005). Generally, "substantive law is that part of the law which creates, defines and regulates rights, while procedural laws are those that address methods by which rights are enforced." *Commonwealth v. Olivo*, 127 A.3d 769, 777 (Pa. 2015) (citing *Payne*, 871 A.2d at 801).

Without hesitation, I agree with the majority that the Dragonetti Act "manifests a legislative purpose to compensate victims of frivolous and abusive litigation and,

---

[1] While I appreciate the majority's concern that there have been topics upon which both statutes and judicial rules have spoken, *see* Slip Op. at 21 (referencing evidentiary rules and post-conviction practices under the Post Conviction Relief Act, 42 Pa.C.S. § 9541-9546), these joint expressions need not be interpreted as limitations on this Court's Article V, Section 10(c) power but, rather, as a recognition that certain topics have both substantive and procedural aspects.

therefore, has a strong substantive, remedial thrust." Slip Op. at 23. As further referenced by the majority, the statute is of general application and is not targeted specifically to legal professionals. *Id.* It appears that the General Assembly, in enacting the Dragonetti Act, did what this Court cannot do by procedural rule, *i.e.*, created substantive rights benefitting litigants targeted by abusive litigation. *See* Pa.R.P.C., Scope ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached;" the rules "are not designed to be a basis for civil liability").

Because I agree with the majority that the statutory provisions challenged herein are clearly substantive, I find that the Legislature did not encroach upon this Court's Article V, Section 10(c) exclusive authority.[2] Accordingly, I agree with the majority's mandate to reverse the order of the trial court, which declared the Dragonetti Act unconstitutional, and remand for further proceedings.

Justice Wecht joins the substance of Justice Baer's concurring opinion but does not join the majority opinion.

---

[2] As this case involves only a generalized challenge to the Dragonetti Act as applied to attorneys, the majority's discussion regarding the "punitive dynamic" of the legislation and the "disapprobation of a specified range of conduct by attorneys," Slip Op. at 23, need not be considered at this time. This Court can examine the contours of specific provisions of the Dragonetti Act when so challenged in an appropriate case.